## ANDERSON v. DEVER.

### [68 South. 166.]

1. ATTACHMENT. *Plea in abatement. Denial. Issues. Peremptory instruction. Ability to pay. Pleading. Declaration. Amendment. Exemptions. Enforcement. Failure to claim. Proceeds of sale.*

   Where a plea in abatement to an attachment only traverses the grounds of the attachment but makes no denial of the indebtedness, there is no issue for trial on the indebtedness.

2. ATTACHMENT. *Abatement. Peremptory instruction. Ability to pay.*

   When concealment and fraudulent disposition and conversion of his property by attached defendant is in evidence, the proof by his own testimony, that he has sufficient property to pay his debts, and the offer by him to pay what he claims he owes, will not avail to entitle him to a peremptory instruction on the trial of an abatement issue.

3. ATTACHMENT. *Amendment of declaration.*

   Under Code 1906, section 133, requiring an attachment creditor to make affidavit only as to the amount of his debt or demand, not to state of what it consisted or how due, as was required under the Code of 1871, the affidavit does not serve as notice to the defendant of the particulars of the creditor's claim, and where there was no issue as to the amount of the indebtedness at the trial on the issue of the attachment, the plaintiff can thereafter amend his declaration, só as to increase the indebtedness, though thereby the declaration is made to vary from the affidavit and writ of attachment.

4. EXEMPTIONS. *Enforcement. Failure to claim.*

   Because an attachment debtor fails to claim his exemptions as to specific property at the time the attachment was levied, as provided by section 2142, Code 1906, will not prevent him from claiming his exemptions out of the proceeds of the sale under the attachment.

5. EXEMPTIONS. *Enforcement. Proceeds of sale.*

   Where property was sold under attachment, including several mules, two of which the debtor cóuld could claim as exemptions, he is entitled not to the value of the mules as estimated by him, but to the proceeds of the sale of the two mules, which brought the highest price at the sale.

APPEAL from the circuit court of Holmes county.
HON. MONROE MCCLURG, Judge.

Suit by William Dever against William Anderson. Judgment for plaintiff and defendant appeals.

The facts are fully stated in the opinion of the court.

*E. F. Noel,* for appellant.

The peremptory instruction on the attachment issue, asked by appellant, should have been granted. The undenied evidence of appellant proved that he had paid the claim sued on, and owed no indebtedness of any kind, to any one whatever, at the time of the institution of this suit; and he also denied, categorically, each of the grounds of attachment. There was no evidence whatever of fraudulent contraction of the debt claimed. Returns of writ and the evidence showed appellant owed over one thousand dollars of property, attached in this case.

It is the law of this state absolutely well settled, that no person who has property in this state, open and visible, subject to execution, sufficient to meet his debts, is subject to attachment, either for removal from the state, or for fraudulent disposition of property. *Montague* v. *Gaddis,* 37 Miss. 453; *Pickard* v. *Samuels,* 84 Miss. 822; *Investment Co.* v. *Bowling,* 72 Miss. 565.

Attachment is unsustainable against the debtor offering to pay all he owes. *Feld* v. *Portwood,* 7 So. 492. All the more should this be true where a man owns property and owes nothing.

Fatally erroneous amendment. The original cause of action is a past due note for one thousand and five hundred dollars, maturing November 1, 1912, and two hundred and eighty-five dollars and eighty-three cents for taxes, both claimed as rent for 1912. A lease and notes, not matured, were filed with the declaration, but nothing was claimed except the alleged past due items. The declaration and exhibits were filed February 21, 1913. A trial of the attachment issue was had on March 1, 1913. On March 3, 1913, over appellant's

objection and exception, appellee was allowed to amend his declaration, so as to claim one thousand and five hundred dollars, additional to the original declaration, for alleged damages to appellee, through appellant's abandonment of the 1913 lease. Demurrer raising fully the vital objections to this amendment, as adding additional cause of action to that attached for, and after the attachment issue had been disposed of was presented by appellant, and overruled by the court, on March 4, 1913.

"We understand the practice to be too well settled to require discussion or elucidation upon the points stated. The affidavit, writ and declaration should correspond. The variance is fatal on demurrer." *Ligon* v. *Bishop,* 43 Miss. 532; *Hambrick* v. *Wilkins,* 65 Miss. 18.

*Elmore & Ruff,* for appellee.

The answer here is that the question of indebtedness or no indebtedness was not an issue on the trial of the attachment issue. We objected to going into that question on the attachment issue. Defendant's plea in abatement is in the usual form. It makes no denial of the indebtedness. Had it done so and attempted to make an issue of the indebtedness, the plea would have been demurrable.

"The debt can only be denied by a plea in bar. It is true that if there be no debt the attachment has been wrongfully sued out. But the trial of this question is reserved under our practice for the trial on the merits, since it ends the whole proceeding; otherwise, there might be two trials on this one issue in the same case, and each might result differently."

Second, a mere categorical denial by appellant of the grounds of attachment would not be sufficient to amount to anything in this case, even if made. An examination of appellant's testimony, beginning on page 115, shows however that appellant did not deny "categorically each of the grounds of attachment."

Under the rule contended for by appellant a show-
ing that appellant had one thousand dollars in property
would not be sufficient to show a sufficiency of open and
visible property to meet the debt attached for, as it
was not equal to the debt attached for.

With reference to *Montague* v. *Gaddis,* 37 Miss. 453,
and *Investment Co.* v. *Bowling,* 72 Miss. 565, cited to
the proposition that "no person who has property, in
this state, open and visible, subject to execution, suffi-
cient to meet his debts, is subject to attachment, either
for removal from the state or for fraudulent disposition
of property," neither case touches the question of at-
tachment on the ground of fraudulent disposition of
property. Both treat of attachments for alleged re-
moval of property out of the state and that ground of
attachment is not concerned with questions of fraud.

The case of *Packard* v. *Samuels,* 64 Miss. 822, does
not touch the question but it does not, we think, sustain
the broad announcement of appellant.

We now desire to consider the "Fatally erroneous
amendment."

The brief of appellant on this point relies on a single
point: i. e. the variance made by the amendment to
the declaration between the declaration and the attach-
ment writ.

The attachment affidavit and writ were originally for
four thousand and five hundred dollars. See motion
for leave to amend them on page 2 of the record. The
amendment was made by consent without an order of
the court. The bond was not amended and still stands
at nine thousand dollars, double the amount originally
attached for. The affidavit and attachment writ, when
actually levied were for a larger sum than was claimed
in the amended declaration.

The requirements of the law as to description of the
debt or demand in the affidavit are meager to the last
degree. It requires no more than that "the amount of
his debt or demand" be stated. Code section 133. The

amount so stated is not we believe, binding on plaintiff
when he comes to declare in the sense that he cannot
declare for more than he attached for.  Why should de-
fendant complain that he was attached for less than is
claimed?  The statement of the "amount" is for a well-
known purpose, which purpose has no aspect looking
toward the declaration or pleading in the main action.
It is for the guidance of the officer applied to for the
issuance of the attachment that he may take a bond in
double the amount for which attachment is sought, so
that defendant will be amply protected against a wrong-
ful attachment; and that he may insert the amount in
the writ which he issues so that the officer may seize suf-
ficient property but not more than sufficient.  This re-
quirement has not always been so.  The attachment pro-
ceeding has grown as other proceedings have grown.  It
was not until 1850 that the grounds on which an attach-
ment was sued out could be contested in the attachment
suit.  Prior to that time an action on the attachment
bond was thought to be the proper remedy for a wrong-
ful attachment.  George's Digest, sections 93 and 94
page 36.

Under section 1421 of the Code 1871, the affidavit was
required to state also "how the same is due, whether by
note, open account or bond or claimed as damages for
breach of contract, or claimed under a penal law of
the state."  So far from being tied to the amounts at-
tached for, plaintiff may change the cause of action en-
tirely.  He may attach for one thousand dollars intend-
ing at the time to declare for that amount stolen from
him; but instead he may declare for that sum due him
for goods purchased of him and it is believed no com-
plaint could be made.  Neither the affidavit nor the writ
is for the purpose of giving the defendant notice of the
particulars of the cause of action on the merits.  That
is the office of the declaration on the merits.  The cause
of action on the merits is not in issue on the attachment
issue.  George's Digest, sec. 95, page 36, as to the law

under Code 1857; *Lewenthal* v. *Miss. Mills,* 55 Miss. 101, as to the law under the Code of 1871.

Section 2434 of the Code of 1880 was repealed by chapter 64 of the Laws of 1884, and section 3 of that chapter provided that where defendant won on the attachment issue, "the suit as well as the writ shall abate." Section 172 of the Code of 1892 readopted the language of the Code of 1880; as did section 177 of the Code of 1906 which is the present law.

It will be noted therefore that the case of *Ligon* v. *Bishop,* 43 Miss. 527, was decided at a time when in the words of Judge COOPER, quoted above: "It had never been held that two distinct actions were instituted by one writ of attachment, and that one might fail and the other succeed. There is but one suit and that is the attachment."

So, too, *Hambrick* v. *Wilkens,* 65 Miss. 18, was decided in October, 1887, and under the laws of section 3, chapter 74, Laws of 1884, in force and effect from its passage on March 11, 1884, that where defendant was successful on the attachment issue "the suit as well as the writ shall abate." But the attachment law now in force is substantially the same as that under Act of 1878, page 19s, chapter 72. *Foot* v. *Commission,* 84 Miss. 445.

Under such law, the case at bar is "virtually two suits." "The two proceedings now progress in a great degree independently of each other."

If this action had been begun in the ordinary manner by filing the original declaration as filed, and the lower court had permitted such an amendment as was permitted in this case to which the defendant excepted but made no showing of surprise or unpreparedness to defend, and asked no continuance, we can hardly think a reversal would be granted. The whole contract and all the notes were made exhibits to, and a part of the original declaration; and the amendment merely went to an additional breach growing out of the same transaction,

the same contract. Under the common law it was formerly held that a contract of this kind was so far an entirety that even though performance was to be had by installment payments, only one action could be maintained upon it, even though that action was for nonpayment of the first installment only. *Perry* v. *Harrington*, 37 Am. Dec. 98, decision by SHAW, C. J.

But the common-law rigor gradualy softened far enough to allow an action to be maintained upon nonpayment of any installment. The law abhors a multiplicity of suits' and it certainly seems commendable practice to us to include in one action the entire breach of the contract sued on. In fact it was not necessary for us to add another count; we could certainly in a suit upon a contract, regarding the lease contract and rent notes as one contract sue in one count for all and every and the entire breach of the contract. A cause of action is not necessarily one breach alone. It is primarily founded on a duty owing by defendant to plaintiff, a breach or breaches if you please, of that duty and resulting damages.

It is reasonably certain also that if plaintiff had failed on the attachment issue, plaintiff would not have been subject to a reversal because of the amendment in the absence of a proper showing of surprise or unpreparedness and request for a continuance because thereof by defendant.

REED, J., delivered the opinion of the court.

Appellee brought suit by attachment and levied on a pony, fifteen mules, corn, cotton seed, wagons, and farming implements, the property of appellant. There were three issues tried: First, whether the attachment was rightfully sued; second, on the merits—that is, whether the appellant was indebted to appellee; and, third, whether appellant was entitled to the proceeds of the sale of certain property claimed by him as exempt.

Concerning the first issue: We quote the grounds stated in the affidavit for attachment:

109 Miss.—16

"That the said William Anderson has property or rights in action which he conceals and unjustly refuses to apply to the payment of his debts; that he has assigned or disposed of, or is about to assign or dispose of, his property or rights in action, or some part thereof, with the intent to defraud his creditors; that he has converted, or is about to convert, his property into money or evidences of debt, with intent to place it beyond the reach of his creditors; that he fraudulently contracted the debt or incurred the obligation for which suit is about to be brought."

The trial court granted a peremptory instruction in favor of appellee, the attaching creditor. He was well authorized to do this by the testimony.

Appellant claims that peremptory instruction should have been given him, because in his testimony on the trial of the issue he stated that he had paid the debt sued on, and that this was not then denied. The issue was made up on appellant's plea in abatement, which entered a categorical denial of the grounds of attachment. There was no denial of the indebtedness. There was therefore no issue for trial on the indebtedness, and we do not consider this point well taken.

Appellant further contends that the peremptory instruction should have been granted him because he had property sufficient to pay his debts and he was offering to pay what he claimed he owed. But we note that the grounds for attachment includes the charges that appellant has property and rights of action which he conceals and refuses to apply to the payment of his debts, that he had made or was about to make a fraudulent disposition thereof, and had made or was about to make a fraudulent conversion of his property into money to place it beyond the reach of his creditors. When concealment and fraudulent disposition and conversion of his property by attached defendant is in evidence, the proof by his own testimony that he has sufficient prop-

erty to pay his debts, and the offer by him to pay what he claims he owes, will not avail to entitle him to a peremptory instruction on the trial of an abatement issue.

As to the trial on the merits: Appellant assigns as error the permission granted by the court to appellee to amend his declaration after the trial of the issue on attachment, whereby the amount of indebtedness as claimed in the original declaration was increased. In the beginning of the case, appellee made affidavit to indebtedness owing by appellant in the amount of four thousand and five hundred dollars. Bond was given in double this amount. No change was ever made in the amount of the bond. Upon motion, appellee was allowed to amend his affidavit, so as to fix the indebtedness at one thousand and seven hundred and eighty-five dollars and thirty-two cents. The original declaration then alleged that appellee owed the sum of one thousand and five hundred dollars for a balance on rent for 1912 for a plantation which he had leased from appellant for the years of 1912, 1913, and 1914 for rental of three thousand dollars per year, and for the further sum of two hundred and eighty-five dollars and thirty-two cents for taxes for the year of 1912, which appellant had contracted in the lease contract to pay. In the amendment to the declaration appellee sued for an additional amount of one thousand and five hundred dollars as loss in rent for 1913, resulting from appellant's abandonment of the place for the year and his refusal to pay the rent of three thousand dollars, and appellee's inability to obtain a tenant for a rental for more than one thousand and five hundred dollars for the year.

Counsel for appellant argues that the affidavit, writ, and declaration should have corresponded, and the variance in this case was fatal. There was a time in the jurisprudence of this state, when, by reason of the statutory requirement that the affidavit in attachment should set forth what the indebtedness consisted of and how due (see Code of 1871), it could be said that there

could be no real separation in the trial of the issues in attachment suit on plea in abatement and on the merits. Under the present statute (Code of 1906, section 133) the attaching creditor is only required to make affidavit to "the amount of his debt or demand." The affidavit does not serve as notice to the defendant of the particulars of the creditor's claim. This is the office of the declaration. The attachment is an auxiliary to the main suit. It may fail, and the main action continue on its merits. In the trial of the issue on the attachment in this case, the merits of the case—that is, the amount of indebtedness owing—was not before the court. It did not enter into a disposition of the issue. We cannot see how appellant was prejudiced in his defense by the allowance of the amendment, even though made after the trial of the abatement issue. And the verdict of the jury for the amount claimed in the amendment to the declaration only will not change this view.

The amendment was proper in the case. It presented a claim for an additional amount owing by appellant to appellee in the same business transaction between them, the lease contract. The attachment was rightfully sued out. The verdict of the jury was for the recovery of a claim properly and sufficiently declared on and a part of the cause of action in the case. We see no force in the contention by appellant that the court erred in granting and refusing certain instructions.

Relative to the claim to exemptions: We note that the claim to the corn and cotton seed was allowed by agreement of appellee. There then remained his claim to two work mules, one wagon and set of harness, and one hay mower and rake. These last were sold during the pendency of the suit and the proceeds were in the hands of the sheriff. No claim was interposed to the property when the levy was made. It is contended that, because appellee failed to make claim to his exemptions as to the specific property at the time it was levied on in accordance with the statute (section 2142 of

the Code of 1906), he is not now entitled to his exemptions out of the proceeds of sale. The live stock was sold by the sheriff under section 164 of the Code of 1906, shortly after the levy. The remaining personal property, except the corn and cotton seed, was sold by agreement of the parties, the proceeds to remain subject to the result of the suit. Appellant, by his failure to claim the property when levied on, did not lose his right to exemption. It is true that the statute (section 2142 of the Code of 1906) provides a plan for proceedings in relation to claiming and selecting exempt property.

But appellant, as an exemptionist, is not confined to this remedy given by the statute. *Moseley* v. *Anderson,* 40 Miss. 49. He was entitled in this case to claim the proceeds of the sale of the several items of property which he selected. We will not sustain his claim for the amount of the value of the property as estimated by him, but only for the sum actually received at the sale thereof. Judgment in favor of appellant for same should have been rendered in the court below. We are unable to enter such judgment here, because we fail to find in the record information as to the exact amounts received by the officer for the sale of the wagon and harness and hay mower and rake. The amount from the sale of the mules could be arrived at by taking the sums received from the sale of the two mules bringing the highest prices.

The judgment in this case is affirmed as to the issues on the plea in abatement to the attachment and as to the merits. The case will be reversed and remanded only for the ascertainment of the amount to be received by appellant for his exemptions in accordance with this opinion, and the entry of judgment accordingly. The costs of this appeal will be divided between appellant and appellee.

*Affirmed.*
*Reversed and remanded.*