## CULPEPPER *et al. v.* JOHN B. ELLISON & SONS.*

(Division B. Dec. 12, 1927. Suggestion of Error Overruled Jan. 9, 1928.)

[114 So. 885. No. 26754.]

EXEMPTIONS. *Householder's exemption may be claimed from proceeds of property levied on and sold without demand for claim any time before payment to judgment creditor (Code 1906, section 2147).*

Where a householder or head of a family is entitled to an exemption, and some property is levied upon without demand that he make his claim for exemption, and is sold under execution, the defendant may file his claim to the proceeds of the sale not to exceed two hundred and fifty dollars allowed by law, and he is entitled to claim this exemption even after litigation between the judgment creditor and a claimant who has filed a claim to property is decided. Such exemption is available at any time before the money is paid to the judgment creditor. *Anderson* v. *Dever,* 109 Miss. 235, 68 So. 166, cited.

*Corpus Juris-Cyc. References: Exemptions, 25CJ, p. 133, n. 42 New; p. 134, n. 54.

APPEAL from circuit court of Lauderdale county.

HON. R. M. BOURDEAUX, Judge.

Action by John B. Ellison & Sons against E. M. Culpepper, begun in a justice's court, in which J. J. Culpepper was garnished. Judgment against defendant by default. From a judgment for the garnishee, plaintiffs appealed to the circuit court, which rendered judgments for plaintiffs, denying a claim of defendant E. M. Culpepper for his statutory exemption, from which E. M. Culpepper appeals. Reversed, and judgment rendered for claimant, E. M. Culpepper.

*Wyatt Easterling* and *E. A. Murray,* for appellant.

The court had no right to deny appellant's exemption for either of the reasons assigned and which are stated in the final judgment. Section 2147, Code of 1906; *Mosley* v. *Anderson,* 40 Miss. 49; (Cited in *Partee* v. *Stewart,* 50 Miss. 720; *Hinds* v. *Morgan,* 75 Miss. 519, 23 So. 35).

The trial court manifestly erred in his holdings that the appellant was too late in propounding his claim for his exemption, as it is manifest from the record that the amount of money which remained after paying the woolen company was less than two hundred dollars and that balance of money was the only personal property he possessed, and should have been so awarded to him. *Anderson* v. *Dever,* 68 So. 166.

*F. V. Braham,* for appellee.

If this claimant, Ed. M. Culpepper, defendant in execution, was ever entitled to claim exemption out of the goods, merchandise, etc., levied on in this case, or, the proceeds of the sale thereof, by the constable, on the 10th day of November, 1925, which we deny (and there is "an entire absence of evidence tending to show he was entitled to the exemption allowed by Statute out of the stock of goods, or their proceeds," quoting from the opinion of this court in a late case of *Walton* v. *Walter Fisher Co.,* 111 So. 364), he had lost that right by not propounding his claim *when the goods were first levied on, and before they were sold,* as he could have done under section 2143, Code of 1906, and as he was compelled to do, as held by this court in *Bank* v. *O'Neal,* 86 Miss. 45, which case settles the question.

Etheridge, J., delivered the opinion of the court.

The appellee, John B. Ellison & Sons, plaintiffs in the court below, filed suit against E. M. Culpepper on the

26th day of January, 1925, for ninety dollars and forty cents, with costs, etc. A judgment.by default was taken against Culpepper for said amount. Prior to the filing of this suit by the appellee, Julius Howitz, trading as the National Woolen Mills, recovered a judgment against E. M. Culpepper for one hundred ninety-nine dollars and sixty-seven cents.

On the 27th day of October, 1925, an execution was levied upon the stock of goods and fixtures in E. M. Culpepper's place of business, and same was seized under the execution and valued in the officer's return at three hundred dollars and fifty cents. On the 10th day of November, 1925, J. J. Culpepper, the brother of E. M. Culpepper, bid for the stock of goods at three hundred sixty dollars and thirty-three cents. On October 30, 1926, an execution was issued by the justice of the peace on the judgment of John B. Ellison & Sons, the appellees, and on the same day the same stock of goods, merchandise, books of account, etc., in the place of business of Ed. M. Culpepper, were levied upon. The constable levying the execution paid the judgment and costs of the case of Julius Howitz, trading as the National Woolen Mills, out of the amount so bid, and there remained in his hands one hundred thirty dollars and thirty-five cents, which J. B. Ellison & Sons demanded of the constable for satisfaction of their judgment, interest, and costs, but the constable refused to pay the money to J. B. Ellison & Sons or their attorney, nor would he pay it into court, but collected from J. J. Culpepper the amount of the judgment and costs for Julius Howitz; and thereupon, to prevent the constable from paying J. J. Culpepper the one hundred thirty dollar and thirty-five cents, Ellison & Sons filed a writ of garnishment and had it served upon them and, as a means to compel this constable to pay over this money, filed a motion against him, but the constable, disregarding both proceedings, turned the money, with the goods, over to J. J. Culpepper, taking from him claimant's affidavit and bond for one hundred thirty dol-

lars and thirty-five cents which he turned into court. Thereupon Ellison & Sons contested the matter and trial was had in the justice of peace court before a jury, which resulted in a verdict for the claimant, J. J. Culpepper, from which an appeal was taken to the circuit court.

The appeal was submitted to the circuit judge, a jury being waived, and the judgment thereon is as follows:

"This day this cause came on for hearing and the same being submitted unto the court on a question of law, on claimant's issue, by both sides and the court desiring further time to consider said cause, therefore it is ordered and adjudged that said cause be and the same is hereby taken under advisement to be decided in vacation, and when so decided the order and judgment of said court to be entered as of term time."

This judgment was entered on the 22d day of October, 1926.

On the 6th day of November, 1926, the court rendered the following judgment:

"This cause having been submitted to the court, a jury being waived by agreement for decision in vacation, and the court, having now considered the case, is of the opinion that the plaintiffs in execution are entitled to recover of the claimant, their judgment ninety dollars and forty cents, with six per cent. interest to date, nine dollars and ninety-two cents, and costs of the claimant's issue, in the justice of peace court, amounting to twenty dollars and five cents and costs of the claimant's issue in this court, on this appeal.

"It is therefore considered by the court that the plaintiffs, John B. Ellison & Sons, a firm composed of John B. Ellison, Henry H., William R., and H. Howard Ellison do have of and recover from J. J. Culpepper, claimant, and J. U. Bozeman and Mrs. Ada Culpepper, sureties on his claimant's bond, the said sum of ninety dollars and forty cents judgment in justice of peace court, with six per cent. interest thereon from January 26, 1925, to date, amounting to nine dollars and ninety-two cents, ag-

gregating the sum of one hundred dollars and thirty-two cents, and costs taxed in justice of peace court, amounting to twenty dollars and five cents, and the costs of appeal in this court, or for the restoration of the specified property, levied on by W. P. Shannon, constable in district 1, Lauderdale county, Miss., on the 27th day of October, 1925, as per his return on the writ of execution herein, to said Shannon, constable, if to be had, and, if not, for the payment of the above judgment to plaintiff on their attorney of record, F. V. Brahan, as provided by section 4995 of Code of 1906 and the costs above enumerated, for which let execution issue.''

Thereafter E. M. Culpepper, defendant in the execution, filed a claim of exemption of the proceeds of the sale above the amount necessary to pay the judgment of Julius Howitz, said claim being in the following words:

''Comes Ed. M. Culpepper, defendant in the above-styled cause and files this his claim for exemption in the above-styled cause.

''He respectfully shows unto your honor that he is householder, the head of a family, and a resident citizen of Lauderdale county and state of Mississippi, and that as such he is entitled, under section 2147, Code of 1906, to claim and hold as exempt personal property or money to the amount of two hundred fifty dollars.

''He therefore choses and selects to claim as exempt the money realized from the sale of personal property in the execution of the National Woolen Mills, Jacob Howitz et al., owners, above the amount necessary to pay said judgment of the said Jacob Howitz et al.

''E. M. Culpepper.

''Sworn to and subscribed to before me this the 9th day of November, 1926.

''[Seal]    M. L. Rush, Clerk.''

On December 15, 1926, the circuit judge entered the following order:

''The motion of the defendant and claimant to retax costs herein coming on to be heard by the court, and it

appearing to the court that at the time the court decided
this case on November 6, 1926, there was not filed any
plea of tender of the amount of plaintiff's judgment and
costs, the said motion is overruled and denied.

"And also came on to be heard by the court, the mo-
tion of the defendant E. M. Culpepper, claiming his ex-
emption out of money above adjudged to plaintiffs by
the above judgment, and it appearing to the court that
there was no claim filed by Ed. M. Culpepper to the prop-
erty at or before its sale, or to the money on the return
of the execution in the justice of peace court, but said
money was then and there claimed by J. J. Culpepper, a
brother of Ed. M. Culpepper, which claim has been de-
cided in favor of plaintiffs, the said motion is now over-
ruled and denied as being made out of time, and for the
further reason that E. M. Culpepper is now estopped by
his conduct and under the law to propound any such
claim now, to which ruling of the court the defendant ex-
cepts."

It will be seen from the judgments that the matter was
tried before the judgment on questions of law appear-
ing in the record, and that the judge held that the claim
of exemption by E. M. Culpepper was filed too late, and
that he was estopped at that time to set up such claim.
In *Anderson* v. *Dever,* 109 Miss. 235, 68 So. 166, the
court dealt with the question as to whether an exemption
was waived by any filing or claim prior to the sale of the
goods levied upon. In the course of the opinion, the
court said:

"Relative to the claim to exemptions: We note that
the claim to the corn and cotton seed was allowed by
agreement of appellee. There then remained his claim
to two work mules, one wagon and set of harness, and
one hay mower and rake. These last were sold during
the pendency of the suit and the proceeds were in the
hands of the sheriff. No claim was interposed to the
property when the levy was made. It is contended that,
because appellee failed to make claim to his exemptions

as to the specific property at the time it was levied on in accordance with the statute (section 2142 of the Code of 1906), he is not now entitled to his exemptions out of the proceeds of sale. The live stock was sold by the sheriff under section 164 of the Code of 1906, shortly after the levy. The remaining personal property, except the corn and cotton seed, was sold by agreement of the parties, the proceeds to remain subject to the result of the suit. Appellant, by his failure to claim the property when levied on did not lose his right to exemption. It is true that the statute (section 2142 of the Code of 1906) provides a plan for proceedings in relation to claiming and selecting exempt property.

"But appellant, as an exemptionist, is not confined to this remedy given by the statute. *Moseley* v. *Anderson,* 40 Miss. 49. He was entitled in this case to claim the proceeds of the sale of the several items of property which he selected. We will not sustain his claim for the amount of the value of the property as estimated by him, but only for the sum actually received at the sale thereof. Judgment in favor of appellant for same should have been rendered in the court below. We are unable to enter such judgment here, because we fail to find in the record information as to the exact amounts received by the officer for the sale of the wagon and harness and hay mower and rake. The amount from the the sale of the mules could be arrived at by taking the sums received from the sale of the two mules bringing the highest prices."

It appears from this case that the exemptionist is not barred from his exemption by failure to claim it at the time of the levy, but that he may claim the proceeds of the property to the extent of two hundred fifty dollars. The record does not show any facts which would estop E. M. Culpepper from claiming his exemption, as no affirmative act on his part appears from which an estoppel could be predicated. Unless he is called on by the officer making the levy to select the property which he

desires to claim as an exemptionist at the time of levy or before the sale, we think that he may set up claim to the proceeds of the sale in lieu of specific articles after the sale, and this may be done at any time before the money is paid over to the judgment creditor. We think he had the right to await the decision of the contest between his brother, J. J. Culpepper, and the execution creditor, unless some proceeding was taken to bring him into court for the purpose of asserting a claim of exemption, if any he had. It is probably true that an officer levying execution could require the exemptionist to assert his claim and point out the property he claimed as exempt, or he could elect to take the two hundred fifty dollars, should he prefer that to the specific items of property. Exemption laws are to be construed in favor of the exemptionist liberally; and exemptions are given for the purpose of affording protection to the debtor. We do not think the mere fact that E. M. Culpepper awaited the decision of the issue by the courts between the claimant and the judgment creditor amounts to a waiver or estoppel, and that an exemption should have been allowed in the absence of a contest of the right of the judgment debtor to it on the grounds that it was not allowed by law.

The judgment of the lower court will therefore be reversed, and judgment rendered here for E. M. Culpepper, the appellant.

*Reversed, and judgment rendered.*